**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JBHM EDUCATION GROUP, LLC**                                                           **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:08-CV-89-SA-JAD**

**GARY C. BAILEY and CINDY CASON**                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Before the court is the Plaintiff's Motion to Remand [35]. For the reasons stated below, the Plaintiff's Motion to Remand is granted.

**I. Factual and Procedural Background**

This case involves claims of fraud, civil conspiracy, intentional interference with business relations, and intentional interference with contractual relations against Defendant Cindy Cason and claims of fraud, civil conspiracy, and intentional interference with business relations against Defendant Gary Bailey by JBHM Education Group, LLC (JBHM). JBHM filed its Complaint [2] in the Circuit Court of Lee County, Mississippi, on April 22, 2008, alleging that the Defendants engaged in a romantic relationship while Bailey was the Chief Executive Officer of JBHM and Cason was his subordinate. JBHM further alleges that Bailey and Cason engaged in a conspiracy to threaten JBHM with a baseless sexual harassment claim and lawsuit. The Defendants removed the case to this court, alleging diversity jurisdiction [1].

There are several motions currently pending before the court. This opinion addresses only JBHM's motion to remand this matter to the Circuit Court of Lee County, Mississippi. From Monday through Friday, Bailey can be found in Mississippi, where his business is located. On the weekends, he can be found in Alabama, where his family is located. He spends four to four and a half days a week in Mississippi and the remaining time each week in Alabama. He owns a home

in Alabama, where he lives on the weekends, and his company maintains an apartment in its offices in Mississippi, where he lives throughout the week. JBHM argues that the facts of this case exhibit that Bailey is a citizen of Mississippi, and Bailey argues that the facts show that he is a citizen of Alabama.

## II. Standard of Review

Federal courts are courts of limited jurisdiction. Massarella v. The Lane Co., Inc., 298 F. Supp. 2d 430, 432 (N.D. Miss. 2003). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

A party may remove a case to federal court if the requirements for diversity jurisdiction are met. 28 U.S.C. § 1441(a); Massarella, 298 F. Supp. 2d at 432. The party removing the case and invoking the jurisdiction of the court has the burden of establishing federal jurisdiction. Massarella, 298 F. Supp. 2d at 432. "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand is filed, the burden falls on the party seeking to maintain this court's removal jurisdiction to show that the requirements for removal have been met. De Aguilar v. Boeing

Co., 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). "Courts resolve removal doubts in favor of remand." Massarella, 298 F. Supp. 2d at 432 (citing Boston v. Titan Indem. Co., 34 F. Supp. 2d 419, 423 (N.D. Miss. 1999)).

"In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." Coury, 85 F.3d at 249 (citing Jones v. Landry, 387 F.2d 102 (5th Cir. 1967)). The court's discretion in deciding what evidence to consider in making a jurisdictional determination is "wide, but not unfettered." Coury, 85 F.3d at 249 (citing Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081 (5th Cir. 1975)).

### III. Discussion

A United States citizen is a citizen of the state in which they are domiciled. Coury, 85 F.3d at 249. "The question of a person's domicile is a matter of federal common law." Acridge v. The Evangelical Lutheran Good Samaritan Soc'y, 334 F.3d 444, 448 (5th Cir. 2003); Coury, 85 F.3d at 248. "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . .'" Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) (citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)).

A person may not have two domiciles at the same time, for jurisdictional purposes. Hardin v. McAvoy, 216 F.2d 399, 403 (5th Cir. 1954). When a person relocates, there is a presumption that their domicile remains the same. Preston v. Tenet Healthsystem Mem'l Mgmt. Servs., LLC, 485

3

F.3d 793, 797-98 (5th Cir. 2007), (citing Coury, 85 F.3d at 248)). In order to defeat the presumption and establish domicile in a new state, the person seeking removal must demonstrate both "(1) residence in a new state, and (2) an intention to remain in that state indefinitely." Acridge, 334 F.3d at 448. It would be an overstatement to describe this requirement as a "burden of proof;" rather, the person seeking to show a change in domicile has the burden of "going forward on that issue." Coury, 85 F.3d 244 at 250. "The ultimate burden on the issue of jurisdiction rests with the... party invoking federal jurisdiction." Id.; *see also* Mas, 489 F.2d at 1399.

"A person's residence at the time suit is filed is prima facie evidence of that person's domicile, i.e., his citizenship." McKenith v. Century Prods. Co., Inc., 1999 U.S. Dist. LEXIS 4264, *6 (N.D. Miss. Mar. 31, 1999). "There is no durational residence requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." Acridge, 334 F.3d at 448. To establish the requisite intent, it is enough that the person "make the new state [his] home." Hardin, 216 F.2d at 402. The court does not consider the contemplation of a "vague possibility of eventually going elsewhere" to be mutually exclusive of the intent to remain indefinitely. Id. The party simply must not presently intend to go elsewhere. Id.

There are a variety of factors that the court considers when determining whether a person has the requisite intent to remain. "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." Coury, 85 F.3d at 251. The litigant's statement of intent is also relevant, but the court accords it little weight if it conflicts with the objective facts. Id., (citing

4

Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985)).[1]

The Supreme Court has said that "the question of domicile is a difficult one of fact to be settled only by a realistic and conscientious review of the many relevant (and frequently conflicting) *indicia* of where a man's home is." D.C. v. Murphy, 314 U.S. 441, 455, 62 S. Ct. 303, 86 L. Ed. 329

---

[1] This court has also articulated the following list of factors: "current residence; voting practices; location of personal and real property; location of bank accounts; memberships in organizations and associations; place of employment; driver's license and automobile registration; payment of taxes; as well as several others." Cosby v. Liles, 1996 U.S. Dist. LEXIS 21464, *3-*4 (N.D. Miss. June 26, 1996). Additionally, this court has used these factors:

1. Whether or not an individual votes where he claims domicile;

2. The manner in which an individual lives, taken in connection with his station in life, i.e., whether he rents or buys a home;

3. Whether his family and dependents have moved to the new residence;

4. Whether an individual's belongings have been moved to the new residence;

5. One's relationships with churches, clubs, and investments in the new residence;

6. Whether or not a place of abode is retained in the old state of residence;

7. Whether or not investments in local property or enterprise attach one to the former residence;

8. Whether one retains affiliations with professional, religious and fraternal life of the former community; and

9. What domicile is claimed for tax purposes.

McKenith, 1999 U.S. Dist. LEXIS 4264 at *7. None of these additional factors conflict with anything in the analysis expressed by the Fifth Circuit; in fact, most of them are synonymous with the factors listed by the Fifth Circuit in Coury. Coury, 85 F.3d at 251. The court lists them here merely as further examples of the sort of factors to be balanced in determining a party's intent to stay with respect to domicile.

(1941). However, "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." Id.

A couple of the principles stated above - that a man's residence at the time suit is filed is prima facie evidence of his citizenship, and that where a man lives is to be taken as his domicile until proven to the contrary - are of little help in this case. The Plaintiff argues that Bailey lives in Mississippi, citing a lengthy list of facts examined below, and arguing that he exhibits the requisite "intent to return" to Mississippi by the fact that he returns there each Monday, after a weekend spent in Alabama with his family. The Defendant argues that Bailey lives in Alabama, citing an equally lengthy list of facts examined below, and arguing that Bailey exhibits the requisite "intent to return" to Alabama by the fact that he returns to his family there at the end of each work week. In this case, questions as to where the Defendant lives or where his residence is present a conundrum. One may construe the facts to find that he lives in either Alabama or Mississippi.

Bailey, having invoked this court's jurisdiction by removing this matter, ultimately has the burden of going forward on the issue of domicile. Coury, 85 F.3d 244 at 250. Any doubts that the court has are to be resolved in favor of remand. Massarella, 298 F. Supp. 2d at 432. The Complaint was filed on March 27, 2008 in the Circuit Court of Lee County, MS. It was removed to this court on April 22, 2008. The law of this Circuit is clear that the parties must be diverse at the time the Complaint was filed in state court *and* at the time the case was removed to this court. Coury, 85 F.3d at 249 (emphasis added). Therefore, the court must examine the facts as they were at the time the Complaint was filed and the time it was removed. For ease of analysis, the court will examine the cogent facts within the framework expressed by the Fifth Circuit in Coury. Coury, 85 F.3d at 251.

### A. *Exercise of Political and Civil Rights*

The evidence in the record establishes that Bailey attempted to register to vote in Alabama as early as January 11, 2008, by use of a mail-in registration form. However, his initial attempt at registration was apparently ineffective because he neglected to include a piece of information necessary for voter registration in Alabama. As a result, he was not actually registered to vote in Alabama until April 18, 2008, after this action had already commenced. Additionally, as of May 2, 2008, Bailey was still registered to vote in Mississippi. Bailey has testified that the last time he voted in Mississippi was prior to July 5, 2006, and that he has never voted in Alabama.

At the time this action commenced, Bailey was only registered to vote in Mississippi, and he had never voted in Alabama. Therefore, this factor weighs in favor of finding domicile in Mississippi.

### B. *Taxes*

The vehicle that Bailey drives is owned by Bailey Architecture Education, P.A., and the company, rather than Bailey, paid Mississippi road and bridge privilege taxes for it. Although the company owns it and pays the taxes on it, Bailey uses it for both personal and business purposes.

According to the evidence, Bailey has filed for Alabama's homestead income tax exemption. He first filed for the homestead exemption in Alabama on October 10, 2007, for a property located at 5728 Chestnut Trace in Hoover, Alabama, and then later refiled on April 10, 2008, upon purchase of a house located at 5231 Lake Crest Circle in Hoover, Alabama.

The record also contains a letter, dated April 14, 2008, addressed to Bailey and Cason in Hoover, Alabama, advising of instructions for filing income tax extension forms. The letter addresses extensions for federal income tax, Alabama income tax, and Mississippi income tax.

7

Although the letter was dated after the commencement of this action, it clearly indicates that, during the 2007 tax year, Bailey and his wife, Cason, paid state income tax in both Alabama and Mississippi.[2] Bailey has also testified that they filed a 2007 income tax return for both Mississippi and Alabama.

The Plaintiff argues that the court should not consider the October 10, 2007, homestead exemption filing receipt because it was not produced in response to Plaintiff's remand-related discovery requests. A party is required to supplement his or her response to a request for production in a timely manner if the party learns that the response was incomplete or incorrect. FED. R. CIV. P. 26(e)(1)(A). If a party does not supplement his or her response to the request for production, "the party is not allowed to use that information… to supply evidence on a motion… unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1).

The court is not aware of any explanation for Defendant's failure to produce the October 10, 2007, homestead exemption receipt. However, the court is ultimately of the opinion that his failure to produce the document was harmless. Even if the court considers it in its analysis of where Bailey pays taxes, this factor must still weigh in favor of Mississippi. The facts in the record indicate nothing more than the fact that Bailey pays taxes in both Mississippi and Alabama. That being the case, the court must resolve this factor in favor of remand.

C.  **Real and Personal Property**

Copies of warranty deeds in the record establish that Bailey purchased real property in

---

[2] The record also contains a portion of an application for an extension of time to file a federal income tax return for the 2007 tax year, and the address for Gary Bailey listed on the form is in Hoover, AL. This is not cogent to the question of *where* he paid taxes, as it only establishes that Bailey received mail in Alabama and represented to the federal government on his income tax extension that he was a resident of Alabama.

8

Alabama on July 20, 2007, and then again on April 1, 2008, establishing that Bailey owned real property in Alabama well before the commencement of this action.

Bailey owns personal property at his office in Tupelo, Mississippi, as he testified that he bought the furnishings for the apartment at his office there. Bailey also owns an interest in a Mississippi corporation, Jackson Street Towne Center, LLC, which owns real property in Mississippi.

Bailey's purchase of real property in Alabama well before the commencement of this action is much more indicative of his "intent to stay" than furnishings for the apartment in Tupelo and an investment property owned by a corporation in which he owns an interest. Therefore, this factor weighs in favor of finding domicile in Alabama.

### D. *Licenses*

Bailey is licensed to practice architecture in Mississippi, Alabama, Tennessee, and Oklahoma. He is licensed as a non-resident in Mississippi, and he changed his license status from resident to non-resident in November, 2007, well before the commencement of this action.

At the time this matter was commenced, Bailey had only a Mississippi driver's license. His Alabama driver's license was not issued until April 10, 2008, after the commencement of this action.

Although Bailey's architecture licensing favors Alabama - since he changed his Mississippi license to non-resident status well before this action commenced - he did not obtain an Alabama driver's license until after this matter had commenced. At best, this factor is neutral, and, as such, it must weigh in favor of remand. Therefore, examination of Bailey's licenses supports a finding of domicile in Mississippi.

9

*E.     Bank Accounts*

The record shows that Bailey established personal bank accounts in Alabama as early as September, 2007, long before this matter had begun. Bailey's retirement accounts, established through a plan with his company, are managed by the Mississippi agent of an out-of-state corporation;[3] the Mississippi agent is Bailey's contact with the company. As early as February, 2007, Bailey advised this agent to send correspondence to an address in Alabama.

The court finds that the personal bank accounts established in Alabama before the commencement of this action outweigh the fact that a Mississippi agent of an out-of-state corporation manages Bailey's retirement accounts. Therefore, this factor weighs in favor of finding domicile in Alabama.

*F.     Clubs and Churches*

Bailey was formally a member or participant with more than one club, civic group, and/or social/community organization in the Tupelo, Mississippi area. However, he terminated his associations with most of those groups long before this action commenced. Bailey is still a member of the Mississippi chapter of the American Institute of Architects, and he has not joined a similar organization in Alabama. Baily further testified that he has not joined any type of club or civic organization in Alabama.

Also, Bailey is still a member of First Baptist Church in Tupelo, Mississippi. He currently attends Riverchase Methodist in Hoover, Alabama, but, at the time this action was commenced, he had not formally moved his membership.

---

[3]In his deposition, Bailey guessed that the company that held his retirement accounts was a Florida corporation, but he was not sure. The record contains no further evidence on the matter.

10

Bailey's club and church associations weigh in favor of finding domicile in Mississippi. Although he did terminate his association with many of the Mississippi organizations with which he formerly associated, he retains his memberships with the Mississippi chapter of the American Institute of Architects and First Baptist Church of Tupelo, Mississippi, and he has not formally associated with any similar organizations in Alabama.

### G.     *Place of Business or Employment*

Bailey owns two businesses: Bailey Architecture Education, P.A., and Bailey Education Group, LLC. Both are located in Tupelo, Mississippi. He receives a salary from Bailey Architecture Education, P.A., and the income of that business comes from clients in Mississippi. Neither Bailey Architecture Education, P.A., nor Bailey Education Group, LLC had any clients or projects in Alabama at the time this matter commenced. Both businesses focus their marketing on Mississippi. The only contacts that his companies have with Alabama is that one employee and a couple of independent contractors live there. The evidence in the record, therefore, tips this factor in favor Mississippi.

### H.     *Family*

The evidence in the record indicates that Bailey's wife and step-daughters live in Alabama. Both of his daughters are grown and do not live with him. This factor undoubtedly weighs toward Alabama.

### I.     *Miscellaneous*

The cases addressing the issue of domicile raise some other factors not listed in the Fifth Circuit's analysis in Coury. Additionally, the parties have raised certain issues in their briefs that need to be addressed.

11

*(1)     Bailey's Intent*

Bailey has clearly expressed that he intends for his domicile to rest in Alabama, and his expressed intent is relevant as long as it doesn't conflict with the rest of the facts. Coury, 85 F.3d at 251.

*(2)     McKenith Factors*

Several of the factors that this court listed in McKenith focus on whether a party has maintained certain connections to the former state in spite of allegedly transferring his or her domicile to a new state. McKenith, 1999 U.S. Dist. LEXIS 4264 at *7. The following facts are relevant to that consideration: despite having bought a home in Alabama, Bailey maintains an apartment in Mississippi; he maintains investments in local enterprises in Tupelo, Mississippi; and he has maintained his church membership in Tupelo, Mississippi.

*(3)     Bailey Architecture Education, P.A.'s Corporate Filings*

The Plaintiff points out that, at the time this matter was commenced, Bailey was the registered agent for a Mississippi corporation - Bailey Architecture Education, P.A.. Plaintiff argues that Mississippi law requires that individual registered agents for Mississippi corporations be residents of the state. The Defendant counters that the relevant statute merely says that the agent *may* be a resident of the state. The Plaintiff's reading of the statute is accurate. The statute reads:

Each corporation must continuously maintain in this state:

(1)     A registered office that may be the same as any of its places of business; and

(2)     A registered agent, who may be:

    (i)     An individual who resides in this state and whose business office is identical with the registered office;
    (ii)    A domestic corporation or not-for-profit corporation whose business office is identical with the registered office; or

> (iii) A foreign corporation or not-for-profit foreign corporation authorized to transact business in this state whose business office is identical with the registered office.

MISS. CODE ANN. § 79-4-5.01. The word "may," as used in the statute, does not imply that a Mississippi corporation may choose between an individual who is a resident or an individual who is a non-resident. It clearly means that a Mississippi corporation may choose between a resident individual, as specified in sub-paragraph (i), or the corporate entity options in sub-paragraphs (ii) and (iii). Therefore, Bailey has represented to the state of Mississippi, in corporate filings, that he is a resident of Mississippi.

However, representations by an individual on a state filing are not dispositive as to the issue of domicile. The Fifth Circuit has rejected a similar "domicile by operation of law" argument. The court explained that although a party may represent facts on applications for benefits that are preconditioned upon one being domiciled in a particular state, such representations do not conclusively establish domicile for jurisdictional purposes. Acridge, 334 F.3d at 451. The court stated, however, that representations made by a party in such situations were persuasive. Id. This court finds that reasoning applicable to this situation, and will not consider Bailey's corporate filings as conclusive on the issue of domicile, but will consider them as persuasive evidence in favor of finding domicile in Mississippi.

### IV. Conclusion

It is axiomatic that federal courts are courts of limited jurisdiction. Johnson v. United States, 460 F.3d 616, 621 n.6 (5th Cir. 2006). However, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction that has been given to them. Colo. River Water Conservation Dist., 424 U.S. 800, 817-18, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976), (citing McClellan v. Carland,

217 U.S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762 (1910)). In this particular situation, the court must order the remand of this case.

The court does not take lightly the following facts weighing in favor of finding domicile in Alabama: (1) Bailey's family lives in Alabama; (2) Bailey owns real property in Alabama; (3) Bailey's bank accounts are located in an Alabama bank; and (4) Bailey's license to practice architecture in Mississippi is as a non-resident. Indeed, all of these factors weigh in favor of finding domicile in Alabama.

However, on the other side of the scale rests an equally heavy set of factors weighing in favor of finding domicile in Mississippi: (1) virtually all of Bailey's professional and business connections lie in Mississippi; (2) Bailey represented to the Mississippi Secretary of State's office that he was a resident of Mississippi; (3) Bailey maintained membership in a church and professional organization in Mississippi but has not made any similar associations in Alabama; and (4) at the time this matter was commenced, Bailey was only registered to vote in Mississippi and only had a Mississippi driver's license.

The purpose of diversity jurisdiction is the avoidance of prejudice against out-of-state parties in state courts. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 399 (5th Cir. 2003). No such potential for prejudice exists in this case. Bailey is a member of the local business community in Tupelo, Mississippi. He has been a part of that community since he moved there in 1993.

More importantly, the facts of this case do not clearly point to domicile in Alabama or Mississippi. Any doubts that this court has are to be resolved in favor of remand. Massarella, 298 F. Supp. 2d at 432; Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 694 (5th Cir. 1995) ("to the extent we might harbor some doubt about the equities in this case, we are required to resolve

14

those doubts in favor of nonremoval"). The court does not imply that in order for a decision on a motion to remand to fall in favor of retention the facts must overwhelmingly support a finding of diversity. However, this case appears to be a prototypical example of the sort contemplated by the above-cited decisions which emphasize this court's responsibility to resolve doubts in favor of remand. That being the case, the court has no choice but to order that this case be **REMANDED** to the Circuit Court of Lee County, Mississippi.

A separate order consistent with this opinion shall issue on this the 8th day of May, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**